Affirmed and Memorandum Opinion filed May 11, 2004









Affirmed and Memorandum Opinion filed May 11, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00197-CR

_______________

 

WAYNE J. BYWATER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On
Appeal from the County Criminal Court at Law No. 14

Harris County, Texas

Trial
Court Cause No. 1140372

_________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Wayne
J. Bywater appeals a conviction for driving while intoxicated[1]
on the ground that the trial court erred by granting the State=s request to reopen the evidence at
appellant=s motion to suppress hearing after:
(1) the parties had agreed that the hearing would proceed only on affidavits;
(2) argument at the initial hearing had been concluded; and (3) the trial court
had agreed there that the affidavits did not establish probable cause.  We affirm.








Appellant
first contends that this decision by the trial court violated the Due Process
right of a defendant to be afforded fairness in his dealings with the State,
particularly when the State=s action induces the defendant into forfeiting a
constitutional right, such as in the context of a plea agreement.  Appellant argues that the State specifically
agreed in this case not to present further evidence at the conclusion of the
initial hearing and then breached both that agreement and its implied agreement
to deal fairly in the execution of the terms of a plea agreement.  Appellant further asserts that the decision
of the trial court violated article 36.02 of the Texas Code of Criminal
Procedure because it was not necessary to a due administration of justice.[2]  These contentions lack merit in several
respects.

First,
although the prosecutor acknowledged repeatedly at the initial hearing that he had
no further evidence to offer, appellant has cited no portion of the record at
which the prosecutor ever agreed not to offer further evidence, i.e.,
if, as in this case, the arguments of counsel ultimately revealed a need to do
so.  Second, appellant fails to show that
the trial court=s decision was part of any plea agreement[3]
(or that any plea agreement had even been reached by the time of the decision)
and cites no authority holding that any duty of fairness existing in the
context of plea agreements would apply to reopening evidence on a motion to
suppress.  Third, appellant provides no
support for his claim that he was induced to forfeit any rights with regard to
the presentation of evidence or was unfairly prejudiced by the decision.  Rather, the record reflects that he was given
the same opportunity to present further evidence as the State and was allowed
to freely cross-examine the State=s witnesses.








Lastly,
appellant fails to show how article 36.02 limits a trial court=s authority to reopen evidence only
to instances where it is necessary to a due administration of justice.  Instead, that provision indicates only when a
trial court must allow additional testimony, not when it may not.[4]  Nor has appellant cited any decision
reversing a judgment for allowing evidence to be reopened in any context.[5]  Because appellant=s point of error thus fails to afford
any basis for relief, it is overruled, and the judgment of the trial court is
affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 11, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           Bywater
pled guilty and received punishment of 180 days confinement, probated for 18
months, and a $700 fine.





[2]           See
Tex. Code Crim. Proc. Ann. art.
36.02 (entitled ATestimony at any time@ and
providing, AThe court shall allow testimony to be
introduced at any time before the argument of a cause is concluded, if it
appears that it is necessary to a due administration of justice (emphasis
added)).





[3]           Rather,
during the hearing on his motion for specific performance, appellant=s attorney 
stated, Awhat we have here is not a plea bargain . . . this is
an agreement.@





[4]           See
supra, note 2.





[5]           The
closest such decision we have found is a civil case that was not reversed for
reopening the evidence, but for allowing additional evidence to be offered by
only one party and not the other.  See
Papco, Inc. v. Eaton, 522 S.W.2d 538, 544 (Tex. App.CTexarkana 1975, writ dism=d by agr.).